## AMERICAN BOX CO. *v.* WILSON.

*(Circuit Court, N. D. Illinois. January 13, 1892.)*

1. PATENTS FOR INVENTIONS—BOX MACHINE—NOVELTY.
   Letters patent No. 244,919, granted July 26, 1881, to Gordon Munro, for a machine for covering pasteboard boxes with paper, consisting of a frame upon which is mounted a spindle for carrying a roll of paper, a paste box, through which the ribbon of paper passes as it is unwound from the roll, and a guide roll for guiding the paper as it is delivered from the paste box to the box to be covered, are not void for want of novelty. *Box Co. v. Day,* 32 Fed. Rep. 585, followed.

2. SAME—INFRINGEMENT.
   Said patent is infringed by a device which differs from the patented machine only in using bent rods over which the paper passes, in place of the guide rolls described in the specifications.

In Equity.

*Wetmore & Jenner* and *W. E. Furness,* for complainant.
*Curtis & Rodman,* for defendant.

BLODGETT, District Judge. In this case defendant is charged with the infringement of letters patent No. 244,919, granted July 26, 1881, to Gordon Munro for a "box machine." The scope of the invention covered by the patent is stated by the patentee in his specifications as follows:

"My invention relates to improvements in machines for covering pasteboard boxes with paper, in which the paper is taken from a roll or coil, and passed over a roller resting in a paste box, and over or under other rollers, to a box resting upon a form adapted to revolve; and the objects of my improvements are to produce an inexpensive machine, in which the amount of paste received on the paper can be regulated, the paste or glue retained in a warm or hot state, and the delivery of the paper from the coil is adjustably accomplished."

Dispensing with the letters of reference, the machine described in and covered by the patent consists of a frame upon which is mounted a spindle for carrying a roll of paper, a paste box, through which the ribbon of paper, as it is unwound from the roll, passes, and a guide roll for guiding the paper as it is delivered from the paste box to the box which is to be covered. The patent contains two claims, as follows:

"(1) The combination of the table top, A, paper roll supporting frame, paste box, F, and heating pipe F', with guide rolls, L, M, N, and block, *e,* adapted to revolve, substantially as and for the purpose described. (2) The combination of the table top, A, paper roll supporting frame, paste box, F, and adjustable scraper, K, with guide rolls and block, *e,* adapted to revolve, substantially as and for the purpose described."

The defenses interposed are (1) want of novelty; (2) that the defendant does not infringe.

The defense of want of novelty is based upon a large number of prior patents, introduced in evidence, but the principal reliance seems to be upon the Orr & Wright device, patented October 2, 1866. The case of *Box Machine Co.* v. *Day,* heard before the United States circuit court for the eastern district of Pennsylvania, (32 Fed. Rep. 585,) was upon a double

strip machine by the same inventor, being patent No. 298,879, in which the want of novelty in the patent was urged as a defense, and the court briefly disposed of that question in the following paragraph:

"To discuss and contrast the several exhibits relied upon by the defendants, and the conflicting testimony of witnesses, would serve no useful purpose. It is sufficient to say that the evidence does not show such a prior state of the art as would justify a finding against the patent. The combination seems to be new, highly useful, and, we think, shows invention."

If the defense of want of novelty as to a double strip machine was so summarily disposed of by that court, the inference is certainly very strong that it would have fared no better in regard to a single strip machine.

The Orr & Wright patent relied upon here was a complicated machine, in which provision was made for delivering the ribbon of paper to the box to be covered by the turning of a crank by an assistant to the operator who manipulated the box, and the paper ribbon for the purposes of covering being dependent entirely for the supply of paper upon the person who turned the crank. In the complainant's machine the rolls are so loosely adjusted as that the operator draws the paper towards him as is needed for the purpose of covering the box, the tension being just sufficient to make the paper lie smoothly upon the box as it is drawn on, and dispenses entirely with the attendant who turns the crank. The machine is very simple, and the proof shows has gone into extensive use, and is the first and only successful machine of the kind which has been devised. Its simplicity, I think, is the key to its success; and now that this patentee has taught the public the requisites for such a machine, it is very easy to organize one from the old machines which were inoperative and useless before. I do not find in the numerous citations which have been made in this case any machines which fairly anticipate the device covered by the patent, and, aside from the rule of comity, which should govern in a case like this, I must say that the new proof, even if there is any in this case, does not sustain the defense of want of novelty.

As to the question of infringement, I find in the defendant's machine all the elements of the plaintiff's second claim. The defendant does not use the guide rolls, L, M, N, which are in the combination of the first claim, but in place of those substitutes some bent rods, over which the paper passes before it reaches the box upon which it is to be placed. There seems from the proof to be a necessity in the manipulation of the paper, in order to have it properly adhere to the box, that it should pass some distance through the air after it leaves the paste box, so that the paper may become to some extent softened and limbered by the dampening which it receives from the paste. At all events, the defendant's machine is so organized as to carry the paper fully as far from the paste box before it reaches the box to be covered as does the complainant's machine; and, while the paper in the defendant's machine does not pass over or under other rollers, it passes over and under rods which are doubtless the equivalent, to a certain extent, of the rollers, as it keeps

the paper from dragging upon the table, and thereby becoming to some extent wrinkled, or some part of the surface injured. While, therefore, it is not so clear that the defendant infringes the first claim of the complainant's patent, I am fully satisfied from the proof that an infringement of the second claim is clearly established; and, did I deem it necessary to find so, I think I should also adjudge an infringement of both claims by the defendant's machine. A decree finding that the patent is valid, and that the defendant infringes, will be entered, and a reference made to a master to assess damages.